73572. FLEETWOOD v. WIEUCA NORTH CONDOMINIUM
ASSOCIATION et al.
(354 SE2d 623)

BANKE, Presiding Judge.

Fleetwood sued Wieuca North Condominium Association ("the association"), along with the members of the association's board of directors ("the board"), in a three-count complaint seeking to recover $52,545.60 allegedly expended by her in repairing the exterior wall of her condominium unit, as well as to recover damages for an alleged breach of duty by the association, pursuant to its declarations and by-laws, to maintain adequate insurance coverage on the property, and to recover attorney fees based on alleged bad faith and stubborn litigiousness on the part of the appellees.

Cross-motions for summary judgment were filed by the parties; and, on August 9, 1984, the trial court awarded partial summary judgment to the appellees with respect to Counts 2 and 3 of the complaint. On January 10, 1986, the trial court entered a separate order awarding the appellees summary judgment on Count 1 of the complaint. That order terminated the proceedings in the trial court and prompted this appeal.

The parties stipulated to the following facts. When appellant purchased her condominium unit on July 24, 1978, there were indications that a repair had previously been made to its exterior wall. In June of 1979, she became aware of a crack in the exterior wall and notified the associations' board of directors of the problem by letter. The board responded that it would investigate the matter. During the ensuing months, the board sought unsuccessfully to interest the developer in assuming responsibility for the needed repairs. The board then sought repair estimates, as well as a legal opinion as to its liability. Based on that legal opinion, the association, notified the appellant that it did not consider itself responsible for the needed repairs. Appellant then retained the services of a geotechnical engineering firm to investigate the cause of the problem and sought her own repair estimates.

The engineering firm retained by the appellant determined that the cracking of the wall had resulted from settlement of the structure due to consolidation of the underlying soils, or lateral movement of the slope east of the structure, or both. After reviewing these findings and seeking a second legal opinion regarding its liability, the board, on August 25, 1981, again advised appellant that the association assumed no liability in the matter and did not intend to pay for the

repairs. On April 22, 1982, appellant notified the association that she was proceeding with the needed repairs; and on March 12, 1983, she made a demand on the association for $52,245, representing the amount expended by her to repair the wall. A special meeting of the condominium owners was subsequently convened pursuant to the condominium declaration and the bylaws of the association to consider the appellant's demand; and, based on a vote taken at that meeting, an offer was extended to the appellant in compromise of her claim. This offer was, however, refused.

The association has stipulated that, since 1973, it has from time to time repaired roofs, stoops, patios, shutters, gutters, splash blocks, and firewalls of individual units at its own expense. It contends, however, that such repairs were discretionary under the condominium declaration and the bylaws governing its operations and neither evidenced nor resulted in the existence of any legal duty to make such repairs in the future. *Held*:

1. The appellant contends in her first, second, and third enumerations of error that the trial court erred in concluding as a matter of law that the appellees were not responsible for the repair of the exterior wall of her condominium. She asserts that the condominium declaration and bylaws required the appellees to make such repairs; that it was the appellees' established policy to make such repairs; and that, pursuant to the provisions of the Georgia Apartment Ownership Act (former Code Ann. § 85-1601b et seq.), which were incorporated into the declaration and bylaws, the appellees were legally obligated to make such repairs. We disagree.

The Act in question specified merely that the bylaws governing the operation of such facilities "may provide" for the maintenance and repair of common areas. See former Code Ann. § 85-1617b (f). Since that language is discretionary, it follows that the association cannot be held liable for the repair of the appellant's exterior wall unless by its conduct it voluntarily assumed such liability. We find no indication that it did so.

The condominium declaration does provide for a common expense fund to be maintained and utilized for "[t]he expense of maintenance, operation, repair or replacement of the common areas and facilities including, but not limited to . . . preservation or repair of . . . building exterior . . . ," but it specifies that such expenditures are to be made only "as the Board of Directors may from time to time deem appropriate." Moreover, the term "common areas" is defined in the declaration to include only "that part of the land, not included within the boundaries of each dwelling"; and the vertical boundaries of the units are specified to encompass only "the exterior of the outside walls of the dwelling." Thus, it is not at all clear that the interior portion of an outside wall can properly be considered a com-

mon area. The bylaws of the association similarly create no vested right on the part of the appellant to be compensated for the repairs, for while they authorize the board to assess the owners for the maintenance and repair of dwelling exteriors, the exercise of such authority is conditioned upon the prior approval of a majority of all the owners.

The construction of written contracts, even ambiguous ones, is a matter for the court; and no jury question arises unless after application of applicable rules of construction the ambiguity remains. *Interstate Fire Ins. Co. v. Nat. Indem. Co.*, 157 Ga. App. 516, 517 (277 SE2d 802) (1981). In our opinion, the clear and unambiguous language of the declaration and bylaws demonstrates that structural repairs to the exterior walls of individual condominium units are not mandatory but are to be made only as the owners may deem appropriate. Assuming that the appellees may have in the past exercised their discretion under the declaration and bylaws to make exterior repairs which they were not obligated to make, this cannot be deemed to have circumscribed their discretion with respect to future repairs.

2. It necessarily follows from our determination that appellees had no contractual obligation to repair the exterior wall and that their failure to do so did not demonstrate bad faith. See generally OCGA § 13-6-11.

3. The trial court was authorized to conclude, as a matter of law, that the association was in compliance with the provisions of the condominium declaration requiring it to purchase and maintain fire, hazard, and public liability insurance. The purchase of additional insurance coverage was specified to be within the discretion of the board, and its decision not to maintain structural insurance coverage clearly fell within the parameters of that discretion. See *Interstate Fire Ins. Co.*, supra.

4. In view of our previous rulings, it necessarily follows that the trial court did not err in failing to find the officers and directors of the association individually liable on the claim.

*Judgment affirmed. Birdsong, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 4, 1987 —
REHEARING DENIED MARCH 3, 1987.

*Stanley M. Lefco*, for appellant.
*R. Matthew Martin*, for appellees.